UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DERRICK R. BURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03749-JRS-MJD |
| | ) |
| SCOTT MOLLINGER, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Derrick R. Burt brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging a violation of the Fourth Amendment. Specifically, Mr. Burt alleges that the defendant, Detective Jake Brooks ("Det, Brooks"), executed an invalid and unsigned arrest warrant against him. *See* dkt. 1 at 3-4. Presently pending before the Court is Det. Brooks' unopposed motion for summary judgment. For the reasons explained in this Order, Det. Brooks' motion, dkt. [42], is **GRANTED**.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party

1

must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

As noted above, Mr. Burt failed to respond to Det. Brooks' motion for summary judgment, and the deadline for doing so has long passed. The consequence is that Mr. Burt has conceded Det. Brooks' version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must ... file and serve a response brief and any evidence ... that the party relies on to oppose the motion. The response must ... identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

The following facts, unopposed by Mr. Burt and supported by admissible evidence, are accepted as true. On March 10, 2015, Det. Brooks was working as a detective assigned to the Madison County Drug Task Force. Dkt. 44-5 at 1. That day, he met with Sheriff Scott Mellinger

about an investigation at the Madison County Jail (the "Jail") involving possible heroin trafficking. *Id.* Sheriff Mellinger relayed information about Mr. Burt that had been provided to him by an informant who was Mr. Burt's cellmate. *Id.* Det. Brooks was familiar with the informant because he had served the Madison County Drug Task Force on multiple occasions. *Id.* at 1-2. Deeming the informant credible, Det. Brooks conducted an interview, during which the informant explained that Mr. Burt had been brought from the Miami Correctional Facility ("MCF") six days earlier to await a court hearing in Madison County, and that the two of them shared a cell at the Jail. *Id.* at 2. The informant then told Det. Brooks that he had personally witnessed Mr. Burt selling to other inmates what appeared to be controlled substances. *Id.* The informant also told Det. Brooks that he had witnessed Mr. Burt keeping the substances in his rectum and estimated that Mr. Burt had about 15 grams of what appeared to be heroin stuffed in his rectum when he arrived at the Jail from MCF. *Id.* The informant further described the heroin as wrapped in a latex glove and double-wrapped with a clear baggie. *Id.* at 2-3.

Det. Brooks then contacted deputy prosecutor Andrew Hopper and informed him of the investigation. *Id.* at 3. Mr. Hopper subsequently prepared a "Verified Application for Limited Warrant for Purpose of Obtaining a Cavity Search for the Collection of Illicit Drugs" and filed it with the Circuit Court of Madison County. *Id.* That same day, Mr. Hopper and Det. Brooks appeared at a probable cause hearing before Judge Thomas Newman of the Madison County Circuit Court, where Det. Brooks testified as to the information he had obtained in his investigation, including the details from the informant about how Mr. Burt had packaged and stored the heroin in his rectum. *Id.* At the conclusion of the hearing, Judge Newman determined that probable cause for the warrant existed, and he granted an order for a limited warrant for the

purpose of obtaining a body cavity search of Mr. Burt for the collection of illicit drugs. *Id.*; *see also* dkt. 44-4 at 1.

Det. Brooks took possession of the written order from Judge Newman and returned to the Jail, where he attempted to interview Mr. Burt. Dkt. 44-5 at 4. Det. Brooks advised Mr. Burt of his *Miranda* rights. *Id*. Mr. Burt orally waived his *Miranda* rights and agreed to be interviewed. *Id*. Det. Brooks advised Mr. Burt of the information he learned from the informant. *Id*. Mr. Burt denied having illicit drugs. *Id*. Det. Brooks then advised Mr. Burt that he would have Mr. Burt transported to the hospital to conduct the search, at which time Mr. Burt again denied possessing any drugs and told Det. Brooks to take him to the hospital. *Id*.

Mr. Burt was subsequently transported to Community Hospital in Anderson, Indiana where a cavity search was conducted, resulting in the recovery of an object that was wrapped in a latex glove and further wrapped in a sandwich bag. *Id*. At all times while he was at Community Hospital with Mr. Burt, Det. Brooks had on his person the signed copy of Judge Newman's order authorizing the cavity search. *Id*. at 5.

Back at the Jail, Det. Brooks re-interviewed Mr. Burt and showed him the evidence recovered during the cavity search. *Id*. at 4. Mr. Burt then admitted that the substance was heroin and claimed that the quantity was "a little more than a gram," which he had broken into pieces and wrapped in a latex glove and sandwich bag. *Id*. at 4-5. Following an analysis by the Indiana State Police Lab, the substance recovered from Mr. Burt's cavity was determined to be a 7.22-gram quantity of heroin. *Id*.

Mr. Burt was subsequently charged with dealing in a narcotic drug, a Level 3 felony, and possession of a narcotic drug, a Level 5 felony. *See Burt v. State*, 87 N.E. 3d 1163, 2017 WL 3471008 *2 (Ind. Ct. App. 2017). Both counts were ultimately dismissed following the Indiana

4

Court of Appeal's interlocutory determination that the seizure of the drugs was illegal due to a lack of evidence of the credibility of the informant at the probable cause hearing. *Id.* at *5.

### III.
### Discussion

In his Complaint, Mr. Burt alleges that Det. Brooks violated his Fourth Amendment[1] rights by executing an invalid and unsigned warrant against him. In moving for summary judgment, Det. Brooks argues that Mr. Burt cannot show that Det. Brooks violated any constitutional right secured to him. For the reasons below, the Court agrees.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Claims alleging violations of the Fourth Amendment's Warrant Clause can raise "two separate constitutional issues, one concerning the validity of the warrant and the other concerning the reasonableness of the manner in which it was executed." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987); *see also Guzman v. City of Chicago*, 565 F.3d 393, 396 (7th Cir. 2009) ("In evaluating an alleged violation of the Warrant Clause of the Fourth Amendment, we look at two distinct aspects of the warrant—its issuance and its execution"). When assessing whether a constitutional violation has occurred, "the Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances." *Molina v. Cooper*, 325 F.3d 963, 973 (7th Cir. 2003); *see Graham v. Connor*, 490 U.S. 386, 399 (1989).

Here, Mr. Burt does not allege that the issuance of the warrant involved any constitutional violation by Det. Brooks. *See generally* dkt. 1. Rather, Mr. Burt challenges only Det. Brooks'

---

[1] In his brief in support of summary judgment, Det. Brooks offers arguments under the Fourth, Eighth, and Fourteenth Amendments. *See* dkt. 43. However, per the Court's Screening Order, only a Fourth Amendment claim was permitted to proceed against Det. Brooks. *See* dkt. 6 at 4. Accordingly, the Court will address only the Fourth Amendment arguments.

execution of the warrant. *See id*. at 3-4 (alleging that Det. Brooks used a warrant that "wasn't valid and hadn't been signed by the judge for the purpose it was used").

Based on the undisputed facts, Det. Brooks is entitled to summary judgment because his execution of the warrant was objectively reasonable, and Mr. Burt has not demonstrated how Det. Brooks violated any right secured by the Fourth Amendment. First, to the extent that Mr. Burt bases his Fourth Amendment claim on the fact that the warrant executed by Det. Brooks was ordered by Judge Newman prior to the cavity search, but only signed after the cavity search was conducted, his claim is meritless under prevailing Seventh Circuit authority. *See United States v. Cazares-Olivas*, 515 F.3d 726, 730 (7th Cir. 2008) (a search conducted prior to the judge signing the warrant did not violate the Fourth Amendment because the officers had already received the judge's order). As the Seventh Circuit has made clear, the Fourth Amendment does not require officers to have a warrant in hand when conducting a search, and it finds no Fourth Amendment violation where a warrant is ordered but not signed by a judge prior its execution. *Id.* at 729 ("Had the [] judge written out and signed a warrant after hanging up the phone, everything would have proceeded exactly as it did ... [A]ppearing empty handed neither affected the search nor violated the Constitution.").

Second, to the extent that Mr. Burt alleges that Det. Brooks' reliance on Judge Newman's order was objectively unreasonable solely because the order was later invalidated on appeal, *see* dkt. 1 at 2-3, such an argument is unavailing under well-settled law. *See United States v. Leon*, 468 U.S. 897, 922-23 (1984) ("[A]n officer cannot be expected to question the [judge's] probable-cause determination"); *see also United States v. Grisanti*, 2017 WL 4650871 (S.D. Ind. Oct. 17, 2017) (quoting *id.* at 922-23). Here, Det. Brooks "kn[ew] the informant to be credible" through prior interactions and found that the informant provided a credible basis for the knowledge he gave

6

about Mr. Burt's concealment of drugs. Dkt. 44-5 at 2. Det. Brooks also documented "all aspects of [his] investigation[,] including the fact that [he] believed the informant to be credible based upon ... past information provided" in the Record of Accomplishment that he gave to Mr. Hopper in advance of the probable cause hearing. *Id.* at 3.  No evidence in the record suggests that Det. Brooks could not reasonably presume the warrant ordered by Judge Newman to be valid at the time of its execution. *See Leon*, 468 U.S. at 926 (finding an officer's reliance on a judge's probable cause determination objectively reasonable after he "related the results of an extensive investigation"). Accordingly, the Court therefore finds that Det. Brooks' reliance on Judge Newman's order was objectively reasonable.

Finally, the Court acknowledges that the Court of Appeals of Indiana, in assessing the validity the warrant executed by Det. Brooks, found unreasonable Det. Brooks' reliance on the judge's probable cause determination. *See Burt*, 2017 WL 3471008 at *4.  However, based on the record presently before the Court, and the limited "pool" from which the facts and inferences relative to Det. Brooks' motion for summary judgment may be drawn, *see Smith*, 129 F.3d at 426, the Court reaches a different conclusion here. The Seventh Circuit has held that the doctrine of collateral estoppel does not apply under these circumstances. *See Flournoy v. Winnebago County Sheriff's Dept.*, 622 F'Appx. 584, 585-86 (7th Cir. 2015) ("We have held that a ruling in a state criminal proceeding is not conclusive in a civil rights action against police officers because they 'were not parties to the state court proceedings and did not have a full and fair opportunity to litigate the issue of whether they had probable cause to arrest.'") (quoting *Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir.1996)); *see also Kraushaar v. Flanigan*, 45 F.3d 1040, 1050-51 (7th Cir.1995); *Williams v. Kobel*, 789 F.2d 463, 470 (7th Cir.1986).

In sum, the undisputed evidence before the Court shows that Det. Brooks did not violate Mr. Burt's Fourth Amendment rights. Furthermore, by failing to file a response in opposition to Det. Brooks' motion, Mr. Burt has provided no argument to explain why his claim should survive summary judgment. Accordingly, the Court **GRANTS** summary judgment to Det. Brooks on Mr. Burt's claim.

## IV.
## Conclusion

For the reasons stated above, the defendant's unopposed motion for summary judgment, dkt. [42], is **GRANTED**. Final judgment consistent with this Order shall issue.

**IT IS SO ORDERED.**

Date: 3/26/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DERRICK R. BURT
994249
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

8